IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LLOYD MOXLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KLOECKNER METAL )<br>CORPORATION, A Foreign For )<br>Profit Business Corporation )<br>)<br>Defendant. )<br>) | Case No. CIV-17-74-R |

## COMPLAINT

The Plaintiff, Lloyd Moxley, for his Complaint alleges and states as follows:

### STATEMENT OF JURISDICTION

1. At all relevant times, Plaintiff, Lloyd Moxley, was a resident of Kay County, Oklahoma.

2. Upon information and belief, at all relevant times, Defendant, Kloeckner Metal Corporation, was a foreign for profit business corporation with a business location in Fulton County, Georgia and registered to do business in the State of Oklahoma. Moreover, Defendant has a principal place of business location in Tulsa, Oklahoma and does business in the State of Oklahoma.

3. The facts that form the basis of the allegations in this case took place in Ponca City, Oklahoma, and other various locations throughout Oklahoma, Texas, Colorado, and Kansas.

4. That this Court has personal jurisdiction over the parties.

1

5. That this Court has subject matter jurisdiction over the matter.

6. That, pursuant to 42 U.S.C. § 2000e-5(f)(3), venue is proper with this Court since Plaintiff, the aggrieved person, would have worked in the State of Oklahoma but for the unlawful employment practice by Defendant.

## STATEMENT OF FACTS

7. Plaintiff incorporates all other allegations of his Complaint by reference.

8. Plaintiff was hired by Defendant in June 1994 and worked there until he was wrongfully terminated on December 1, 2015.

9. Throughout his employment, Plaintiff was a traveling salesman selling raw structural steel to fabricators throughout his region which included Western and Central Oklahoma, Kansas, Colorado and Texas.

10. Plaintiff's home base for his work was his home in Ponca City, Oklahoma.

11. Plaintiff was constantly praised for his work and was a good employee. He averaged over 4,000 miles per month traveling in his region to meet with potential sales client. Plaintiff performed all his duties as required. Plaintiff was counseled on one occasion during his nineteen years of employment, but there was never any other indications that he was performing poorly or was not meeting the requirements for the job.

13. On November 24, 2015, Plaintiff received an email from his supervisor Matt Chattin to come to Amarillo to meet regarding what Plaintiff believed to be a meeting with all outside salesmen regarding sales territory within the company. Upon Plaintiff's arrival at the office in Amarillo, he was informed that his employment with Defendant was terminated.

12. Plaintiff was informed that the reason for his termination was due to cut backs, downsizing and elimination of his job. However, Plaintiff is seventy-five (75) years old, has a superior employment record and, upon information and belief, he was the only employee terminated and younger employees were retained. Moreover, upon information and belief, Defendant replaced Plaintiff with a younger employee

13. Upon information and belief, Plaintiff was terminated due to his age, despite the pretextual rationales provided by his superior.

14. On or about February 1, 2016, Plaintiff timely filed his Charge of Discrimination with the United States Equal Employment Opportunity Commission – Oklahoma City Area Office. (the EEOC).

15. On October 27, 2016, the EEOC issued a Dismissal and Notice of Rights Letter to Plaintiff.

## FIRST CAUSE OF ACTION
## AGE DISCRIMINATION

16. Plaintiff incorporates all other allegations of this Complaint by reference.

17. Defendant discriminated against Plaintiff pursuant to Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* and Title 25 Section 1302 of the Oklahoma Statutes on the basis of his age.

16. That Plaintiff belongs to a protected class as he is over the age of forty.

17. That Plaintiff was qualified for his position.

18. That Plaintiff was discharged despite his qualifications.

19. That Plaintiff was terminated under circumstances which give rise to an inference of unlawful discrimination.

20. That Plaintiff is entitled to all damages as a direct and proximate result of Defendant's wrongful and unlawful discrimination against Plaintiff.

WHEREFORE, Plaintiff prays for judgment in his favor together with compensatory damages, including but not limited to future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses; back pay; and, punitive damages in excess of $10,000.00, that this Court enjoin Defendant from further discrimination, that this Court award him any other damages deemed just and equitable including attorney fees, costs and pre and post judgment interest.

Respectfully submitted,

/s/Eugene Bertman
Samuel L. Talley, OBA #21376
Eugene Bertman, OBA #19406
Michael J. Amend, OBA #31466
sam@ttb-law.com
Talley, Turner & Bertman
219 East Main Street
Norman, Oklahoma 73069
Telephone: (405) 364-8300
Facsimile: (405) 364-7059
Attorneys for Plaintiff

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**